IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO LEWIS,

    Plaintiff,                              CV F 05 1322 OWW  WMW P

  vs.                                    ORDER DISMISSING COMPLAINT
                                             WITH LEAVE TO AMEND

C/O COGDILL, et al.,

    Defendants.

       Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       This action proceeds on the original complaint.  Plaintiff, an inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this civil rights action against defendant Correctional Officers Cogdill, Maldonaldo and Ochoa, employees of the Department of Corrections at Corcoran.

       The allegations in the complaint stem from an incident that occurred on December 17, 2004.   Plaintiff was performing his assigned duties cleaning tables in the 3A kitchen when he was "ordered out of the kitchen."  Defendant Cogdill was unsatisfied with plaintiff's job performance.   After leaving the kitchen, plaintiff and an unidentified C/O "had heated words."

Plaintiff alleges that "next thing happened I was pepper sprayed and forced to the ground." Plaintiff alleges that Maldonaldo and Ochoa, despite their official statement that they placed their knees in the small of plaintiff's back, placed their knees on his head. Plaintiff alleges that he suffered "serious facial abrasions and a swollen head."

As to Maldonaldo and Ochoa, plaintiff has alleged facts which, liberally construed, indicate that the placed their knees on plaintiff's head, causing him injury. As to defendant Cogdill, the complaint alleges that Cogdill was unhappy with plaintiff's performance of his duties. There is no specific conduct charged to defendant Cogdill.

The court will grant plaintiff leave to file an amended complaint. Plaintiff is advised that should he fail to file an amended complaint, this action will proceed on the original complaint against defendants Maldonaldo and Ochoa, and the court will recommend dismissal of defendant Cogdill.

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

As to defendant Cogdill, the court finds the allegations in plaintiff's complaint vague. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff

must allege with at least some degree of particularity overt acts which defendant Cogdill engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed as to defendant Cogdill.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that

1 | defendant Cogdill be dismissed.
2 |
3 | IT IS SO ORDERED.
4 | **Dated:** **March 16, 2006**           /s/  **William M. Wunderlich**
  | mmkd34                              UNITED STATES MAGISTRATE JUDGE