1

2                    IN THE UNITED STATES DISTRICT COURT

3                    FOR THE EASTERN DISTRICT OF CALIFORNIA

4

5

6    MARIO LEWIS,

7            Plaintiff,                        CV F 05 1322 OWW  WMW P

8        vs.                                   ORDER DISMISSING COMPLAINT
                                               WITH LEAVE TO AMEND
9    _____

10   C/O COGDILL, et al.,

11           Defendants.

12

13

14        Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C.

15   § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C.

16   § 636(b)(1).

17        This action proceeds on the July 24, 2006, second amended complaint.  Plaintiff, an

18   inmate in the custody of the California Department of Corrections at CSP Corcoran, brings this

19   civil rights action against defendant Correctional Officers Cogdill, Maldonaldo and Ochoa,

20   employees of the Department of Corrections at Corcoran.

21        The allegations in the complaint stem from an incident that occurred on December 17,

22   2004.   In the original complaint, Plaintiff alleged the following.   Plaintiff was performing his

23   assigned duties cleaning tables in the 3A kitchen when he was "ordered out of the kitchen."

24   Defendant Cogdill was unsatisfied with plaintiff's job performance.   After leaving the kitchen,

25   Plaintiff and an unidentified C/O "had heated words."

26

                                             1

1    Plaintiff alleges that "next thing happened I was pepper sprayed and forced to the

2    ground." Plaintiff alleges that Maldonaldo and Ochoa, despite their official statement that they

3    placed their knees in the small of plaintiff's back, placed their knees on his head.  Plaintiff

4    alleges that he suffered "serious facial abrasions and a swollen head."

5    In the March 16, 2006, order, the court advised Plaintiff that as to Maldonaldo and

6    Ochoa, Plaintiff had alleged facts which, liberally construed, indicate that the placed their knees

7    on plaintiff's head, causing him injury.   As to defendant Cogdill, the complaint alleged that

8    Cogdill was unhappy with plaintiff's performance of his duties.  There was no specific conduct

9    charged to defendant Cogdill.

10    The court granted Plaintiff leave to file an amended complaint.  Plaintiff was advised that

11    the statute under which this action proceed plainly requires that there be an actual connection or

12    link between the  actions of the defendants and the deprivation alleged to have been suffered by

13    plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode,

14    423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the

15    deprivation of a constitutional right, within the meaning of section 1983, if he does an

16    affirmative act, participates in another's affirmative acts or omits to perform an act which he is

17    legally required to do that causes the deprivation of which the complaint is made." Johnson v.

18    Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

19    As to defendant Cogdill, the court found the allegations in Plaintiff's complaint vague.

20    The court determined that the complaint did not contain a short and plain statement as required

21    by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

22    complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

23    v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff was advised that he

24    must allege with at least some degree of particularity overt acts which defendant Cogdill

25    engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the

26

2

requirements of Fed. R. Civ. P. 8(a)(2), the complaint was therefore dismissed as to defendant Cogdill.  Plaintiff was, however, grant leave to file an amended complaint.

Plaintiff was specifically advised that if he chose to amend the complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff was informed that the court cannot refer to a prior pleading in order to make an amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

On April 13, 2006, Plaintiff filed a first amended complaint.   In the first amended complaint, Plaintiff alleged that C/O Cogdill ordered Plaintiff out of the kitchen and "had heated words."  Plaintiff alleged that he was "pepper sprayed and went to the ground."   C/O Maldonaldo accompanied Cogdill in escorting Plaintiff.  Plaintiff alleged that a knee was placed on his head, and that he heard Maldonaldo's voice.

Plaintiff made no other allegations in the first amended complaint.  Plaintiff was advised that the court can not consider the facts in the original complaint to make the first amended complaint complete.  Plaintiff made no allegations as to C/O Maldonaldo, and the only

1  allegation as to Ochoa was that he assisted in escorting Plaintiff.  As to Cogdill, the only

2  allegation is that he engaged in a verbal exchange with Plaintiff.  Plaintiff's allegations indicate

3  that the exchange was heated.  In response, Cogdill sprayed Plaintiff with pepper spray.  Such

4  allegations, with nothing more, fail to state a claim for excessive force as that term was defined

5  in the order dismissing the original complaint.  Further, there were no allegations of injury in the

6  first amended complaint.   The first amended wasw therefore be dismissed.  Plaintiff was granted

7  leave to file a second amended complaint.

8         In the July 24, 2006, second amended complaint, the allegations are even more vague.

9  Plaintiff alleges that "all three defendants were at the scene."  Plaintiff does not, however,

10  describe the scene.   Plaintiff alleges that he was face down, and did not see the person that put

11  their knee on his back.   Plaintiff alleges that all three defendants were in the immediate area.

12  Plaintiff refers generally to injuries to his face.

13         Plaintiff is again advised that the court can not refer to previous complaints to make

14  sense of the second amended complaint.  Plaintiff must tell his story from beginning to end,

15  including all of the facts, in one complaint.  The second amended complaint fails to state a claim

16  for relief.  The facts of the second amended complaint make sense if the court looks at the

17  original complaint.  The court can not refer to previous complaints.  The court will provide

18  Plaintiff with an opportunity to file a third amended complaint.  In drafting the third amended

19  complaint, Plaintiff must set forth all the facts alleged.  Plaintiff must draft the third amended

20  complaint as if it were the only complaint the court will see.  Once an amended complaint is

21  filed, the previous complaints have no effect, and the court can not consider the facts alleged in

22  them.  It is as if they do not exist.

23         Accordingly, IT IS HEREBY ORDERED that:

24         1.  The second amended complaint is dismissed.

25         2.  Plaintiff is granted thirty days from the date of service of this order to file a third

26

4

1 amended complaint that complies with the requirements of the Civil Rights Act, the Federal

2 Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the

3 docket number assigned this case and must be labeled "Third Amended Complaint."  Failure to

4 file an amended complaint in accordance with this order will result in a recommendation that this

5 action be dismissed.

6

7 IT IS SO ORDERED.

8 **Dated:     July 31, 2006**              _____/s/  **William M. Wunderlich**_____
  mmkd34                                UNITED STATES MAGISTRATE JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26